CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 27 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON JEROD SMITH,** | ) | Civil Action No. 7:12cv00522 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MR. GREGORY SAATHOFF &** | ) | |
| **MS. R. KARASKAVIEZ,** | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Brandon Jerod Smith, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 claiming that the defendants, psychiatrist Mr. Gregory Saathoff and nurse Ms. R. Karaskaviez, showed deliberate indifference to his medical needs while he was housed at the Wallens Ridge State Prison ("WRSP") in Big Stone Gap, Virginia. The court finds that Smith's complaint fails to state a plausible claim for relief and dismisses it without prejudice pursuant to 28 U.S.C. § 1915A.

I.

Smith alleges that while incarcerated at WRSP, Saathoff changed the time of the administration of Trazodone, a prescription sleep aid prescribed by another psychiatrist, from 10:30 p.m. to the non-sleeping hour of 3:30 p.m. Smith also alleges he can prove Saathoff falsified some documentation, presumably in relation to the change in time for administering the Trazodone. Smith further complains that Saathoff failed to continue Smith on Fluphenazine, which another psychiatrist had prescribed to treat what Smith described as audio and visual hallucinations. Smith contends that he described the hallucinations during a July 13, 2012, visit with Saathoff. Finally, Smith alleges that Karaskaviez "failed to use the knowledge, skill, and

care expected of her profession[ ],"and failed to assess him with instruments contained in her shoulder bag "to check vital signs for emergency symptoms." Smith also alleges that she falsified documents and disclosed confidential information. Smith makes no other allegations against the defendants. As relief, Smith seeks compensatory damages.

## II.

Section 1915A requires the court to conduct an initial screening of a prisoner's complaint "which . . . seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss it if it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b). In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff members were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Mere allegations of malpractice or negligence in treatment do not state cognizable constitutional claims. Estelle, 429 U.S. at 105–06; Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Estelle, 429 U.S. at 105–06; Wright v. Collins, 766 F.2d 841, 849 (4th Cir.

2

1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Smith's allegations fall short of alleging an Eighth Amendment violation. In this case, Smith has failed to allege that prison officials were aware of a serious medical need and failed to provide medical attention or ensure needed care was available. Farmer, 511 U.S. at 837. Smith simply alleges that defendant Saathoff altered the course of treatment prescribed by Smith's previous psychiatrist in administering Trazodone at a different time of day and discontinuing the administration of Fluphenazine, and that Karaskaviez failed to exercise professional skill in not assessing his condition with tools in her possession. Smith's claims appear to be nothing more than a disagreement between an inmate and medical personnel over a diagnosis or course of treatment (or, at most, allegations of malpractice or negligence in treatment), which do not state cognizable constitutional claims under the Eighth Amendment. Estelle, 429 U.S. at 105–06; Wright, 766 F.2d at 849. The court finds that Smith's allegations against the defendants fall short of the deliberate indifference standard required to state a claim under § 1983. Accordingly, the claim is dismissed.

### IV.

For the reasons stated herein, the court dismisses Smith's suit pursuant to § 1915A(b)(l) for failure to state a claim. The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff.

**ENTER**: November 27, 2012.

UNITED STATES DISTRICT JUDGE

3